9   374
72   146

---

## ISHAM *against* MORGAN and others.

It is an established rule of law, against which the intention of the grantor can never be available, that a conveyance of land, by necessary legal consequence, conveys the buildings thereon.

Where two instruments are executed at the same time, between the same parties, relative to the same subject matter, and to effectuate one object, they are to be taken in connexion, as forming parts of the same agreement ;

but where there are two deeds, given to different persons, for different con-siderations, not executed at the same time, nor relative to the same subject matter, nor to effectuate the same object, nor in pursuance of any antecedent contract made with the grantees jointly, they will be considered, and take effect, as separate instruments.

Therefore, where *A.*, the owner in fee, conveyed to his daughter *B.*, in consideration of natural affection, a lot of land, with one half of the buildings thereon, and, on the same day, executed to *C.*, in consideration of 300*l.* a deed of one half of the same buildings, described as being on the lot of land, which *A.* had, that day, given a deed of to his daughter *B.*; it was held, that the deed to *B.* conveyed all *A.'s* interest in such buildings, and consequently, *C.* took nothing by the deed to him.

*New-London,*
*July,* 1832.

Isham
*v.*
Morgan.

THIS was a writ of partition, demanding that the defendants set out to the plaintiff, the one undivided half part of a certain dwelling-house, barn and other buildings, standing on a lot of land in *Colchester*, particularly described.  The defendants pleaded, that they did not own and possess the premises, as tenants in common with the plaintiff.

The cause was tried at *Norwich, March* term, 1832, before *Hosmer*, Ch. J.

On the 28th of *September,* 1793, *Dudley Wright,* being the owner of the land described in the declaration, executed and delivered two deeds; one to his daughter *Lydia Watrous,* in consideration of good will and affection, conveying to her said land, together with one half of the buildings thereon standing; the other to *John R. Watrous,* in consideration of 300*l.*, lawful money, purporting to convey to him one half of the dwelling-house, and also one half of the barn and other buildings, described as standing near said house, on the lot of land which the grantor had, that day, given a deed of to his daughter *Lydia Watrous.*  No evidence was exhibited to shew, which of these deeds was first delivered, except what appears on the face of them.  The plaintiff claimed title under *John R. Watrous,* by virtue of the deed to him.  The defendants are the heirs of *Lydia Watrous,* and have succeeded to her rights.  On these facts, the Chief Justice charged the jury, that the deed to *Lydia Watrous.* being delivered before the deed to *John R. Watrous,* (as appears from his deed) she took the land, and the buildings thereon; and that *Dudley Wright,* the grantor, had nothing left to convey, and conveyed nothing, to *John R. Watrous.*  (*a*)

(*a*)  The case embraced other points, which were decided, at the trial,

New-London,
July, 1832.

Isham
*v.*
Morgan.

The jury returned a verdict for the defendants; and the plaintiff moved for a new trial, for a mis-direction.

*Goddard* and *Isham*, in support of the motion, contended, that the plaintiff had title, as tenant in common with the defendants, of the buildings whereof a partition was sought. In the first place, the deed of *Dudley Wright* to *Lydia Watrous* virtually *excepts* one half of the buildings. The whole description of the premises conveyed, must be taken in connexion; and being thus taken, it is perfectly manifest, that the grantor intended to give to his daughter the land and one half of the buildings, and to reserve to himself, for some other purpose, the other half. This intent, the court will give effect to, unless it is repugnant to some stubborn rule of law. But what rule of law inhibits a conveyance, by the absolute owner of land and buildings, of *all* the land, and a *part* of the buildings? Admitting, that if he had conveyed the land, and had said nothing more, the buildings thereon would have passed; may he not, if he chooses, part with his whole interest in the land, and retain a moiety of his interest in the buildings? And if he expresses this intention in the instrument of conveyance, is not this enough? *Jackson* d. *Troup* & al. v. *Blodget*, 16 *Johns. Rep.* 172. 179.

This is, on the face of it, a conveyance of all the grantor's interest in the property, *except half the buildings.* *Com. Dig. tit.* Fait. E. 5.

Secondly, both deeds are to be taken in connexion, as constituting but *one transaction;* and thus viewed, there cannot be a doubt as to the intention of the parties, or the true construction of the instruments used to give effect to that intention. The grantor gives to his daughter, the land, and half the buildings, her husband, at the same time, paying 300*l.* for the other half of the buildings. *Crop* v. *Norton*, 2 *Atk.* 76. *Mountague* & al. v. *Tidcombe* & al. 2 *Vern.* 518. *Jackson* d. *Trowbridge* & ux. v. *Dunsbagh* & al. 1 *Johns. Ca.* 91. 95. 15 *Johns. Rep.* 463.    16 *Johns. Rep.* 172.

and stated in the motion for a new trial, and were afterwards discussed, by counsel, before this court; but the ground on which the decision was ultimately placed, has rendered it unnecessary to state them.

*Peters* and *Strong*, contra, insisted, that *John R. Watrous* acquired no interest whatever, by the deed from *Wright;* the deed to *Lydia Watrous* having conveyed the land, and, of course, the buildings, to her. *Co. Litt.* 4. *a.* 1 *Cruise's Dig.* 58. *tit.* 1. *s.* 1. This position is incontrovertible, unless a part of the premises was *excepted* from the grant. But this has not been done. First, it was not excepted in the instrument by which the conveyance was made. That instrument contains no excepting clause. It merely contains *superfluous words* in the description of the premises. Secondly, the exception in question cannot be made out, by recurrence to the deed to *John R. Watrous.* Being made *after* the deed to *Lydia*, it cannot be regarded as part of the same transaction. It would seem from the face of the deed, that the parties were careful to avoid any question on this subject, by using words equivalent to a declaration that this was a *subsequent* and *distinct* transaction. Another deed, to another person, at a different time, though on the same day, is not of course a part of this deed.

HOSMER, Ch. J. Whether the charge was correct, is the question now to be determined.

The case is briefly this. *Dudley Wright* conveys to his daughter a lot of land, with a dwelling-house thereon, by a deed well executed and delivered, and *afterwards*, on the same day, delivers a deed to *John R. Watrous*, purporting to convey to him the one half of the said house. What interest did *John R. Watrous* take under this deed? The obvious answer is, that he took nothing. By the delivery of the deed to *Lydia*, the grantor conveyed to her, not only the land, but the building upon the land. *Cujus est solum, ejus est usque ad cœlum.* From the moment in which the above deed was delivered, *Dudley Wright* had no interest in the land, or in the building thereupon. He had parted with the property; and having nothing to convey, could convey nothing. It is unnecessary to cite cases on so plain a subject; and I will content myself merely with an allusion to Lord *Coke*, on this point. 1 *Inst.* 4. *a.* The word *land*, he says, in its legal signification, comprehends any ground, soil, or earth whatever; and it also has an indefinite extent upwards, as well as downwards. It therefore includes all castles, houses, and other buildings

New-London, July, 1832.

Isham
*v.*
Morgan.

*New-London,*
*July, 1832.*

Isham
*v.*
Morgan.

standing thereon; and downwards, whatever is in a direct line between the surface, and the centre of the earth.   2 *Bla. Com.* 17, 18.   1 *Cruise's Digest,* 58. §3

If, then, a deed takes effect from its delivery, and the conveyance of land likewise conveys the buildings thereon, both of which are incontrovertible legal truths, the deed to *John R. Watrous* had no possible effect; as the grantor had before divested himself of the property, which he endeavoured, by that instrument, to convey.

It has been insisted, that *Dudley Wright,* as appears on the face of his deed to his daughter *Lydia,* intended to convey to her the one half of the dwelling-house only.   Admit this to be the fact, it can make no difference in the case.   He had conveyed to her the land; and this, by necessary legal consequence, conveys the house upon it.   The intention of a contracting party, arising perhaps from ignorance, can never be available against an established rule of law, and the legal operation of his deed.   Nor can the court, by implication, reserve to him a right over property, which he clearly has transferred to another.

It has strongly been argued for the plaintiff, that the deed given to *Lydia Watrous* and *John R. Watrous,* were evidences of one united transaction, and to be construed as if they formed one instrument.

For this position I discern neither principle nor case.   The established rule is this: Where two instruments are executed, at the same time, between the same parties, relative to the same subject matter, to effectuate one object, they are to be taken in connection as forming parts of the same agreement. *Mountague* & al. v. *Tidcombe* & al. 2 *Vernon,* 518.   *Treatise of Equity,* 49.   *Taylor* d. *Atkyns* v. *Horde* & al. 1 *Burr.* 60. *Crop* v.   *Norton,* 2 *Atk.* 74. 76.   *Jackson* d.   *Trowbridge* & ux. v. *Dunsbaugh,* 1 *Johns. Ca.* 91.   *Stow* v. *Tifft,* 15 *Johns. Rep.* 458.   The principle is well illustrated, by Ch. J. *Parsons,* in *Holbrook* v. *Finney,* 4 *Mass. Rep.* 569. by the case of a deed given by the vendor of an estate, who takes back, at the same time, a mortgage to secure the purchase money; or by the giving of an absolute deed, and, at the same time, receiving a defeasance.   These constitute one contract through the medium of distinct instruments.   All the above cited cases sustain the principle, as advanced and illustrated.

That to this case the principle has no application, is indisputably clear.    Here are two deeds, the one of them given to *Lydia Watrous,* the other to *John R. Watrous;* instruments not executed at the same time, nor between the same parties, nor relative to one united subject matter, nor in effectuation of one object, nor in pursuance of any antecedent contract, made with the grantees jointly.    Not a single constituent of the principle, applies to this transaction ; but the contracts were, in every sense, separate and disjoined.

Had it been proved, that *Dudley Wright,* intending to make a settlement of his estate, on the aforesaid grantees, to effectuate this object, executed and delivered the two deeds simultaneously, it would have presented a different case.    But nothing of this kind appears.    So far from this, one of the instruments was for a valuable consideration, and on the sale of property ; the other, for love and affection ; so that the considerations are disjoined as well, as the whole transaction.

It is unnecessary to express an opinion, on the other points made in the case ; as the one discussed shows, conclusively, that the determination was correct.

PETERS and DAGGETT, Js. were of the same opinion.

WILLIAMS, J. was inclined to think, that the two deeds should be taken together ; and that so considered, *Lydia Watrous* took the land, with only half the grantor's interest in the buildings, and *John R. Watrous* took the other half of the buildings.

BISSELL, J. not having been present when the case was argued, gave no opinion.

New trial not to be granted.